UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARITIME LEGAL SOLUTIONS, PLLC,

                Plaintiff,

                -v-

U.S. TRANSPORTATION COMMAND,

                Defendant.

23 Civ. 7045 (KPF)

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2785
Email: joseph.pantoja@usdoj.gov

JOSEPH A. PANTOJA
Assistant United States Attorney, *Of Counsel*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND ..............................................................................................................................1

    A.    The United States Transportation Command and the Defense Freight Transportation Services Contract............................................................................................2

    B.    The FOIA Request ................................................................................................3

    C.    USTRANSCOM's Search for and Release of Records .........................................4

ARGUMENT ..................................................................................................................................12

THE COURT SHOULD GRANT SUMMARY JUDGMENT TO USTRANSCOM BECAUSE THE AGENCY HAS DEMONSTRATED THAT ITS SEARCH WAS REASONABLE AND ADEQUATE ..............................................12

    A.    Summary Judgment Standard ..............................................................................12

    B.    USTRANSCROM's Search Was Reasonable and Adequate, and Plaintiff's Speculation Concerning the Existence of Other Records Should be Rejected................................................................................................................13

    C.    Plaintiff's Challenge Concerning FOIA Exemption 5 Is Moot ............................16

CONCLUSION................................................................................................................................16

## TABLE OF AUTHORITIES

PAGE(S)

Cases

*Adamowicz v. IRS*,
   402 F. App'x 648 (2d Cir. 2010) .................................................................................... 13, 14
*Agility Pub. Warehousing Co. v. NSA*,
   113 F. Supp. 3d 313 (D.D.C. 2015) ....................................................................................... 16
*Amnesty Int'l USA v. CIA*,
   728 F.Supp.2d 479 (S.D.N.Y. 2010) ..................................................................................... 17
*Amnesty Int'l USA v. CIA*,
   No. 07 Civ. 5435 (LAP), 2008 WL 2519908 (S.D.N.Y. June 19, 2008) ................................ 14
*Carney v. U.S. Dep't of Justice*,
   19 F.3d 807 (2d Cir. 1994) .............................................................................................. 12, 13
*Conti v. United States Department of Homeland Security*,
   12 Civ. 5827 (AT), 2014 WL 1274517 (S.D.N.Y. Mar. 24, 2014) ........................................ 14
*Ferguson v. F.B.I.*,
   No. 89-cv-5071 (RPP), 1995 WL 329307 (S.D.N.Y. June 1, 1995) ................................... 2, 3
*Grand Cent. P'ship, Inc. v. Cuomo*,
   166 F.3d 473 (2d Cir. 1999) ............................................................................................ 12, 13
*Immigrant Def. Project v. USCIS*,
   208 F. Supp.3d 520 (S.D.N.Y. Sept. 23, 2016) ..................................................................... 13
*Iturralde v. Comptroller of Currency*,
   315 F.3d 311 (D.C. Cir. 2003) .............................................................................................. 16
*Long v. Office of Pers. Mgmt.*,
   692 F.3d 185 (2d Cir. 2012) .................................................................................................. 12
*N.Y. Times Co. v. U.S. Dep't of Justice*,
   756 F.3d 100 (2d Cir. 2014) .................................................................................................. 12
*NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*,
   2007 WL 4233008 (S.D.N.Y. Nov. 30, 2007) ...................................................................... 17
*Nat'l Council of La Raza v. Dep't of Justice*,
   339 F.Supp.2d 572 (S.D.N.Y. 2004) ..................................................................................... 17
*National Immigration Project of the Nat. Lawyers Guild v. U.S. Dept. of Homeland Sec.*,
   11 Civ. 3235 (JSR), 2012 WL 6809301 (S.D.N.Y. Dec. 27, 2012) ....................................... 14
*New York Times Co. v. U.S. Dep't of Justice*,
   872 F. Supp. 2d 309 (S.D.N.Y. 2012) ..................................................................................... 2
*Perry v. Block*,
   684 F.2d 121 (D.C. Cir. 1982) .............................................................................................. 14
*Physicians for Human Rights v. DOD*,
   675 F. Supp. 2d 149 (D.D.C. 2009) ...................................................................................... 13

Statutes

5 U.S.C. § 552 .................................................................................................................................. 1
22 U.S.C. Chapter 78 ...................................................................................................................... 3

## Rules

Federal Rule of Civil Procedure 56 ................................................................................................ 12

## Regulations

32 C.F.R. § 286.10 ................................................................................................................. 10, 11
FAR 9.104 ........................................................................................................................................ 9
FAR 9.104-4(b) ................................................................................................................................ 8
FAR 9.104-1(a) ................................................................................................................................ 9
FAR 9.104-1(b) ................................................................................................................................ 9
FAR 9.104-1(c) ................................................................................................................................ 9
FAR 9.104-1(d) ................................................................................................................................ 9
FAR 9.104-1(e) ................................................................................................................................ 9
FAR 9.104-1(f) ................................................................................................................................. 9
FAR 9.104-1(g) ................................................................................................................................ 9
FAR 52.222-50 ........................................................................................................................... 9, 11
FAR 52.222-50(d) .................................................................................................................. 7, 8, 11

Defendant United States Transportation Command ("USTRANSCOM"), by its attorney, Damiam Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to plaintiff Maritime Legal Solutions PLLC's ("Plaintiff's") motion for summary judgment and in support of Defendant's cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff challenges the adequacy of the USTRANSCOM's search for responsive records. Plaintiff merely speculates that USTRANSCOM must have more responsive records based on Plaintiff's expectation that more responsive documents would have been found. This is insufficient to withstand summary judgment. As explained in USTRANSCOM's detailed declaration, USTRANSCOM conducted a robust search of its files that was, at a minimum, reasonably likely to uncover responsive records. Such affidavits or declarations are accorded a presumption of good faith and cannot be rebutted by purely speculative claims about the existence of other documents. Plaintiff also challenged USTRANSCOM's withholding of one document, constituting an email exchange, under Exemption 5 of the FOIA. During a secondary review, USTRANSCOM determined that it could release the information that it previously had withheld via redactions from the email exchange at issue, and provided this document to Plaintiff with no redactions under Exemption 5. Thus, Plaintiff's challenge relating to that document is now moot, and Plaintiff has not challenged any other application of FOIA exemptions to withheld material. Accordingly, this Court should grant summary judgment in USTRANSCOM's favor.

# BACKGROUND[1]

### A. The United States Transportation Command and the Defense Freight Transportation Services Contract

USTRANSCOM is one of the eleven unified combatant commands of the United States Department of Defense ("DoD"). *See* Declaration of Patricial L. Feist dated November 7, 2024 ("Feist Decl.") ¶ 5. In times of both peace and war, USTRANSCOM's role is to provide air, land, and sea transportation to the ten other U.S. combatant commands, the military services, defense agencies and other government organizations. *Id*. Generally speaking, the Defense Freight Transportation Services ("DFTS") contract, HTC71117DR003, provides freight shipments between various points within the Continental United States (lower 48 States) and may include points in Canada and Alaska. *Id*. The DFTS contract is largely focused on supporting the Defense Logistics Agency. *Id*. The DFTS contract was awarded to Crowley Government Services, Inc. ("Crowley") in 2016. *Id*. CGS is a subsidiary of Crowley Maritime Corporation (together with CGS, hereinafter "Crowley"). *Id*.

22 U.S.C. Chapter 78 and Executive Order 13627, Strengthening Protections Against Trafficking in Persons in Federal Contracts, dated September 25, 2012, are implemented in the Federal Acquisition Regulation ("FAR") Subpart 22.17, Combating Trafficking in Persons. Feist Decl. ¶ 6. The FAR clause at 52.222-50, Combating Trafficking in Persons, implements the United States Government's policy of prohibiting trafficking in persons and is included in contracts that include performance outside the United States, including the DFTS contract. *Id*.

---

[1] Plaintiff's papers included a Local Rule 56.1 statement. *See* ECF No. 26-5. "The general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment,' and Local Rule 56.1 statements are not required." *New York Times Co. v. U.S. Dep't of Justice*, 872 F. Supp. 2d 309, 314 (S.D.N.Y. 2012) (quoting *Ferguson v. F.B.I.*, No. 89-cv-5071 (RPP), 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995), *aff'd* 83 F.3d 41 (2d Cir. 1996)). However, should the Court wish, Defendant can provide a 56.1 counter-statement.

In connection with federal contracts, Executive Order 13627 requires, *inter alia*, that contracting officers to notify their agency of violations that would justify contract termination. *See* https://www.federalregister.gov/documents/2013/02/12/2013-03142/protections-against-trafficking-in-persons-in-federal-contracts (last visited November 8, 2024).

### B.     The FOIA Request

On June 20, 2023, USTRANSCOM received Plaintiff's FOIA request for:

1. The complete DFTS contract between Crowley Maritime Corporation and USTRANSCOM.

2. All electronic or other communications, including emails, between USTRANSCOM and Crowley Maritime Corporation, regarding allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within the implementation of the DFTS contract. Date Range: November 1, 2016 through the date this FOIA Request is fully processed.

3. All records or internal electronic communications, including emails, between employees or agents off USTRANSCOM and other employees and agents of USTRANSCOM (including civilian employees as well as active duty members of the military affiliated with USTRANSCOM), that reference allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within Crowley Maritime Corporation's implementation of the DFTS contract. Date Range: November 1, 2016 through the date this FOIA Request is fully processed.

4. All records or electronic communications, including emails, sent or received by USTRANSCOM Contracting Officer Mr. Christopher Frost, that reference allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within Crowley Maritime Corporation's implementation of the DFTS contract. Date Range: November 1, 2016 through the date this FOIA Request is fully processed.

5. All records of any kind held by USTRANSCOM that reference allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within Crowley Maritime Corporation's implementation of the DFTS contract. Date Range: November 1, 2016 through the date this FOIA Request is fully processed.

6. All complaints, notices, or reports of any kind, including whistleblower complaints, received by USTRANSCOM (or in the possession of USTRANSCOM) regarding Crowley Maritime Corporation's implementation

> of the DFTS contract. Date Range: November 1, 2016 through the date this FOIA Request is fully processed.

7. All records, complaints, notices, or reports of any kind, including whistleblower complaints or reports, received by USTRANSCOM (or in the possession of USTRANSCOM) regarding any allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within the implementation of any USTRANSCOM-administered contract. Date Range: January 1, 2000 through the date this FOIA Request is fully processed.

8. All records related to any investigations of any allegations of human trafficking, sexual trafficking, sex trafficking, or forced labor occurring within the implementation of any USTRANSCOM-administered contract. Date Range: January 1, 2000 through the date this FOIA Request is fully processed.

*See* Feist Decl. ¶ 3; ECF No. 1-1 (the "FOIA request").

**C.    USTRANSCOM's Search for and Release of Records**

As explained by USTRANSCOM's Chief FOIA Officer, Ms. Feist, after consultation with the USTRANSCOM Office of Staff Judge Advocate ("TCJA"), USTRANSCOM's FOIA office determined that the offices likely to have documents, if any, responsive to the FOIA request were the USTRANSCOM Inspector General ("TCIG"), Acquisition Directorate ("TCAQ"), Strategic Plans, Policy and Logistics Directorate ("TCJ5/J4"), Operations Directorate ("TCJ3"), Chief of Staff Office ("TCCS"), and TCJA. Feist Decl. ¶ 7. On June 21, 2023, these offices were tasked to search for records responsive to the FOIA request. *Id*. ¶ 8. The tasking memorandums to each office contained verbatim the eight paragraphs setting forth the specific items sought in the FOIA request, but Ms. Feist clarified that, after consultation with the USTRANSCOM Staff Judge Advocate ("SJA"), Ms. Feist's office also held meetings with TCAQ and TCIG later that month to assist in their searches. *Id*.

On June 22, 2023, TCJ5/J4 completed a search of their records and found no responsive records. Feist Decl. ¶ 9. TCJ5/J4's search included directing their Voluntary Intermodal Sealift Agreement ("VISA") Program Manager, a person knowledgeable about the DFTS

contract, to search Microsoft Outlook for any emails and correspondence responsive to the FOIA request, and the VISA Program Manager found none. *Id*. TCJ5/J4 searched electronic correspondence files such as Outlook for correspondence related to contractors and trafficking in persons notifications because TCJ5/J4 does not procure or administer transportation contracts, including performance of the contracts. *Id*.

On June 24, 2023, TCJ3 completed the search of its records and supplied a no-records response. Feist Decl. ¶ 10. While TCJ3 monitors movements executed by a USTRANSCOM component, TCJ3 did not have documents related to a contract or a contractor's fulfillment of the contract, or otherwise any records responsive to the FOIA request. *Id*.

On July 5, 2023, TCIG's search yielded one document in response to the FOIA request. Feist Decl. ¶ 11. TCIG had conducted a search of the USTRANSCOM command shared drive and the Automated Case Tracking System case management system using key words and terms relating to USTRANSCOM's policy of combatting trafficking in persons, including, for example, "CTIP", "C-TIP", and "Traffick." *Id*. TCIG cases are now tagged using plain text categories; however, older cases were tagged with a letter and number to categorize case types. *Id*. TCIG's search was conducted based on both the current and previous case-tagging methods in the case management system and using the company name "Crowley". *Id*. Because TCIG does not maintain paper records, there were no paper sources to be searched by TCIG for responsive records. *Id*.

On July 10, 2023, TCCS located several documents mentioning Crowley. Feist Decl. ¶ 12. Using key words from the FOIA request, the USTRANSCOM Records Manager had searched Content Manager and the shared storage drive for responsive documents. *Id*. However, none of the documents contained information responsive to the FOIA request. *Id*.

Because TCCS does not maintain paper records related to the types of records requested in the FOIA request, there were no paper sources to be searched by TCCS for responsive records. *Id*.

On July 17, 2023, TCAQ located thirty documents responsive to the FOIA request, recommending seventeen documents for full release, six documents for partial release, and seven documents for withholding. Feist Decl. ¶ 13. In performing its search for responsive documents, TCAQ had tasked DFTS Contracting Officer Christopher Frost (who was named in the FOIA request and has submitted herewith his own declaration addressing USTRANSCOM's search in connection with the FOIA request), to conduct a search for responsive records. *Id*. Key words and phrases were used in the search such as trafficking, forced labor, sexual abuse, rape, and sexual assault related to Crowley, DFTS, and other USTRANSCOM contracts. *Id*. A search of Microsoft Outlook was also conducted for any responsive electronic communications. *Id*. The search included "all Mailboxes" and the DFTS contract file. *Id*. TCAQ also asked TCAQ Division Chiefs and Deputy Division Chiefs of the four contracting divisions and the policy division to search for responsive records. *Id*. Beyond Christopher Frost, these individuals would have knowledge of any responsive records or communications, if such items existed. *Id*. Because TCAQ does not maintain paper contract records, there were no paper DFTS-related sources to be searched by TCAQ for responsive records. *Id*.

Although records were collected and provided to USTRANSCOM's FOIA office for review and processing as discussed above, due to the volume of this and other FOIA requests being handled by that office, no records were processed and produced to Plaintiff prior to the commencement of this lawsuit in August 2023. Feist Decl. ¶ 14.

On October 4, 2023, TCJA located numerous documents related to two other cases of contractor reporting of potential human trafficking, including Crowley's notification to UNSTRANSCOM of the *Treminio* litigation,[2] under FAR 52.222-50(d). Feist Decl. ¶ 15. TCJA also located documents containing emails between TCJA and their clients in TCAQ, as well as documents between TCJA and the U.S. Attorney's office for the District of New Jersey concerning a *qui tam* litigation involving a contractor not specifically named in the FOIA request. *Id*. TCJA's search was conducted by a person knowledgeable about the DFTS contract as well as other USTRANSCOM contracts. *Id.* That person ran various searches using the "All Mailboxes" search setting with the following search terms: Trafficking, TIP, CTIP, Crowley, and Maersk (or combinations thereof). *Id*. These searches located folders relating to LBAS, Maersk and Crowley where records responsive to the FOIA request were stored, and these folders were then searched for responsive records. *Id*. TCJA does not maintain paper records of contract files and there were otherwise no paper sources that TCJA could search for records responsive to the FOIA request. *Id*.

Thereafter, USTRANSCOM's FOIA staff periodically followed up with TCIG, TCAQ, TCJ5/J4, TCJ3, TCCS, and TCJA, and no additional documents were found. Feist Decl. ¶ 16. USTRANSCOM's FOIA staff also followed up with these offices as necessary to determine whether the documents found responsive to the FOIA request were to be fully released, partially released, or fully withheld pursuant to FOIA and its exemptions. *Id*.

---

[2] The plaintiff in the *Treminio* suit was represented by Ms. Adria Notari, who is also counsel of record for Plaintiff here. Apparently, that suit, which includes allegations that, *inter alia*, Crowley's employees had engaged in sex trafficking during its performance of the DFTS contract, was dismissed pursuant to a notice of voluntary dismissal with prejudice filed by plaintiff on June 27, 2024. *See* ECF No. 171 in *Vanessa Treminio v. Crowley Maritime Corporation, et ano*, No. 3:22-cv-174-CRK-PDB (M.D. Fla.).

7

After USTRANSCOM's FOIA office reviewed and processed the foregoing records, USTRANSCOM produced responsive records on or about October 20, 2023. Feist Decl. ¶ 17. In the ensuing months, upon further review, USTRANSCOM released additional documents in response to the FOIA request on May 7 and 16, 2024, August 6, 2024, and November 6, 2024. *Id*. USTRANSCOM also provided a *Vaughn* index in July 2024 describing those records that were partially or fully withheld pursuant to a FOIA exemption. *Id*. As described in the *Vaughn* index provided to plaintiff, the aforementioned items that were not released were withheld in part or in full under FOIA Exemptions 4, 5 and 6, including "commercial and financial information" considered privileged or confidential (Exemption 4), information protected by various privileges (Exemption 5), or information which would constitute a clearly unwarranted invasion of the personal privacy of individuals (Exemption 6). *Id*.

Among the documents that USTRANSCOM had initially withheld in part was a five-page email exchange between contracting officials in TCAQ concerning Crowley's January 19, 2023 notification of the *Treminio* lawsuit. Declaration of James C. Buckels, dated November 6, 2024 ("Buckels Decl.") ¶ 6. In the referenced notification, as required by FAR 52.222-50(d), Crowley notified USTRANSCOM of a potential human trafficking violation for purposes of the FAR during Crowley's performance of the DFTS contract. *Id*. USTRANSCOM had initially released this email exchange subject to redactions relying on Exemptions 5 and 6. *Id*. Upon further review, USTRANSCOM reprocessed and re-released document No. 26 to Plaintiff subject to redaction of only names and email addresses pursuant to Exemption 6 for privacy-related reasons. *Id*.

As regards the volume of responsive records involving Crowley's implementation of the DFTS contract and Crowley's January 2023 notification of alawsuit alleging that Crowley's

8

employees had engaged in sex or human trafficking during Crowley's implementation of the DFTS contract, USTRANSCOM has submitted the Declaration of Christopher T. Frost ("Frost Decl."), the Contracting Officer on the DFTS contract, including during the period that Crowley notified USTRANSCOM of the *Treminio* litigation. Frost Decl. ¶ 3. As explained by Mr. Frost,

> Because, in USTRANSCOM's view, the *Treminio* allegations did not meet the definitions of trafficking in persons as defined by the FAR, no such referral was made. Rather, these appeared to be allegations of violations of state criminal law, and the victim was pursuing remedies via a civil action. Therefore, there was no action for the Government to take under the DFTS contract, which is why only limited documents exist at USTRANSCOM concerning Treminio that are responsive to the FOIA request.

Frost Decl. ¶ 9.

Last, USTRANSCOM recently discovered that several documents relating to two other lawsuits (including the *Treminio* litigation) alleging a potential human trafficking violation by Crowley during Crowley's performance of a DFTS contract were not initially processed by USTRANSCOM's FOIA office. Feist Decl. ¶ 18. These documents include:

1. Memorandum to Crowley from USTRANSCOM TCAQ-R dated May 28, 2024, with subject line: Defense Freight Transportation Services II Contract Responsibility Inquiry for Crowley Government Services. This one-page memorandum stems from Crowley's submission of a proposal to perform services under the Defense Freight Transportation Services II Contract (DFTS II) with USTRANSCOM. The memorandum asked Crowley "to provide information as to how your company has a satisfactory record of integrity and business ethics in light of the above information," *i.e.*, the two-referenced lawsuits. In addition, if Crowley's wholly-owned subsidiary was going perform on the DFTS II contract, then, in accordance with FAR 9.104-4(b), the memorandum asked Crowley to provide written evidence of the subsidiary's responsibility. Finally, the memorandum also asked Crowley to provide written evidence explaining Crowley's mechanisms to report sexual misconduct violations, process(es) to address such reporting, and ability to meet the requirements of FAR 52.222-50, Combating Trafficking in Persons, as applicable.

2. Crowley's seven-page letter, sent by email on May 30, 2024, responding to the May 28, 2024 memorandum described above. It attached three exhibits as follows: Exhibit A, Code of Conduct; Exhibit B, Código de Conducta, and Exhibit C, Anti-Harassment Policy (English and Spanish).

9

3. Determination of Responsibility Defense Freight Transportation Services II Contract (DFTS II), HTC711-23-R-R009, dated June 17, 2024 (the "Determination"): This ten-page document sets forth USTRANSCOM's determination that Crowley, as a prospective contractor at the time:

   (a) had adequate financial resources to perform the contract, or the ability to obtain them, in accordance with FAR 9.104-1(a) and 9.104-3(a);

   (b) was able to comply with the required or proposed delivery or performance schedule, taking into consideration all existing commercial and governmental business commitments in accordance with FAR 9.104-1(b);

   (c) had a satisfactory performance record in accordance with FAR 9.104-1(c), 9.104-3(b), and 42.15;

   (d) had a satisfactory record of integrity and business ethics in accordance with FAR 9.104-1(d);

   (e) had the necessary organization, experience, accounting and operational controls, and technical skills, or the ability to obtain them in accordance with FAR 9.104-1(e) and 9.104-3(a);

   (f) had the necessary production, construction, and technical equipment and facilities, or the ability to obtain them in accordance with FAR 9.104-1(f) and 9.104-3(a); and

   (g) was otherwise qualified and eligible to receive an award under applicable laws and regulations in accordance with FAR 9.104-1(g) and 9.108.

   The above-referenced item (d) of the Determination includes a section entitled, "Litigation," in USTRANSCOM addressed its awareness that Crowley was implicated in two lawsuits alleging human trafficking. That section is the only portion of the Determination that is responsive to the FOIA request. This document concluded with USTRANSCOM's determination that Crowley met the criteria of FAR 9.104 and was determined a responsible prospective contractor. The Determination includes seven attachments as follows:

   1. Responsibility Bank Letter Citi Bank [not responsive to the FOIA request]
   2. SAM Results [not responsive to the FOIA request]
   3. Supplier Performance Risk System – NIST [not responsive to the FOIA request]
   4. MFR Relevant Parties Seach [sic] [not responsive to the FOIA request]
   5. CGS Responsibility Letter [not responsive to the FOIA request]
   6. Crowley DFTS II - Response to CO Letter (Confidential) (Final)

> [Crowley's May 30, 2024 email, described above]
> 7. Crowley DFTS II - Exhibits to Response to CO Letter (Confidential) [the three exhibits to Crowley's May 30, 2024 email, described above]
>
> 4. Copies of Plaintiff's Notice of Voluntary Dismissal with Prejudice and related documents that were filed in the *Treminio* litigation to conclude that litigation.

*Id*. USTRANSCOM is in the process of reviewing and processing the foregoing documents (included any exhibits thereto) for full or partial release, as appropriate under FOIA and its exemptions. *Id*. ¶ 19. However, per 32 C.F.R. § 286.10, Confidential Commercial Information, USTRANSCOM is required to provide written notice to the submitter (here Crowley) of confidential commercial information whenever records containing such information are requested under the FOIA if USTRANSCOM determines that it may be required to disclose the records. *Id*. USTRANSCOM must then give the submitter a reasonable time to respond after the notice. *Id*. USTRANSCOM will need to do a full review of the documents taking into consideration any response by Crowley to the submitter notice, after which the Staff Judge Advocate will need to conduct its own review. *Id*. USTRANSCOM anticipates that it will complete its review and processing of these records by December 13, 2024. Feist Decl. ¶ 20. Thus, Defendant notes that it is possible that Plaintiff may challenge the application of exemptions in these documents, and that if the parties are unable to resolve any disputes on that issue, they may request the Court's leave to submit supplemental briefing. However, because USTRANSCOM's *searches* for the above-described documents are complete and have been described herein, the Court may resolve Plaintiff's challenge to Defendant's searches based on the currently pending motion practice.

## ARGUMENT

## THE COURT SHOULD GRANT SUMMARY JUDGMENT TO USTRANSCOM BECAUSE THE AGENCY HAS DEMONSTRATED THAT ITS SEARCH WAS REASONABLE AND ADEQUATE

A.      **Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is the procedural vehicle by which most FOIA actions are resolved. *See, e.g.*, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate." *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) (quoting *Carney*, 19 F.3d at 812). A search is judged by the efforts the agency undertook, not by its results. *See Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999); *see also N.Y. Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 124 (2d Cir. 2014). The agency must simply demonstrate that its search was "reasonably calculated to discover the requested documents." *Grand Cent. P'ship*, 166 F.3d at 489. In other words, the search "need not be perfect, but rather need only be reasonable." *Id.* Generally, the agency need only provide "[a]ffidavits or declarations" with supporting facts to show that it has conducted an adequate search under FOIA. *Carney*, 19 F.3d at 812. Such affidavits or declarations are accorded a presumption of good faith, and the Court may award summary judgment on them alone. *Id*.

Agency affidavits "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Grand Cent. P'ship, Inc.*, 166 F.3d at 489 (internal quotation marks and citations omitted). Those affidavits need only "contain reasonable specificity of detail rather than merely conclusory statements." *Id.* at 478 (emphasis in original). A court may award summary judgment if the affidavits provided by the agency are "adequate on

12

their face." *Carney*, 19 F.3d at 812. "[I]n responding to a FOIA request, an agency is only held to a standard of reasonableness; as long as this standard is met, a court need not quibble over every perceived inadequacy in an agency's response, however slight." *Physicians for Human Rights v. DOD*, 675 F. Supp. 2d 149, 164 (D.D.C. 2009).

**B.  USTRANSCOM's Search Was Reasonable and Adequate, and Plaintiff's Speculation Concerning the Existence of Other Records Should Be Rejected**

At the core, Plaintiff's argument relating to adequacy of search is rooted only in its speculation that, because USTRANSCOM found relatively few documents responsive to the FOIA request for records relating to potential Crowley misconduct (such as the allegations in the *Treminio* suit), its searches must have been insufficient. *See* Plaintiff's Notice of Motion, ECF No. 25 at 1-2; *see also* Plaintiff's Memorandum of Law ("Pl. Mem.") at 8. But it is well settled that a FOIA search "is judged by whether it was designed to comply with the request rather than by the number of responsive pages it produced." *Immigrant Def. Project v. USCIS*, 208 F. Supp.3d 520, 526 (S.D.N.Y. Sept. 23, 2016) (citing *Grand Cent. P'ship*, 166 F.3d at 489). Plaintiff relies on nothing other than conjecture that additional responsive documents exist and should have been found.

"[P]urely speculative claims about the existence and discoverability of other documents" do not create a question of fact on summary judgment in a FOIA case. *Adamowicz v. IRS*, 402 F. App'x 648, 650 (2d Cir. 2010) (summary order) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999)). "Plaintiffs must aver specific evidence about a search's inadequacy." *Immigrant Def. Project v. ICE*, No. 14 Civ. 6117 (JPO), 2016 WL 5339542, at *3 (S.D.N.Y. Sept. 23, 2016). Here, Plaintiff offers only speculation—and no material evidence—in support of its conjecture that USTRANSCOM must have more responsive records than

13

described by Ms. Feist in her declaration, particulary involving the *Treminio* allegations of Crowley misconduct.

Ms. Feist, USTRANSCOM's Chief FOIA Officer, describes in reasonable detail the scope and method by which USTRANSCOM's search was performed and otherwise establishes that USTRANSCOM satisfied its obligation to conduct a search reasonably calculated to uncover any records responsive to the FOIA request. "[A]n agency is not required to describe the exact methodologies used by its employees in executing a FOIA search." *Conti v. DHS*, No. 12 Civ. 5827 (AT), 2014 WL 1274517, at *14 (S.D.N.Y. Mar. 24, 2014); *see also Nat'l Immigration Project of the Nat'l Lawyers Guild v. DHS*, No. 11 Civ. 3235 (JSR), 2012 WL 6809301, at *4 (S.D.N.Y. Dec. 27, 2012) (an agency "need not describe 'with meticulous documentation the details of an epic search for the requested records'" (quoting *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982) (per curiam))). Rather, agency declarations need only "describe in reasonable detail the scope and method by which the search was conducted." *Amnesty Int'l USA v. CIA*, No. 07 Civ. 5435 (LAP), 2008 WL 2519908, at *8 (S.D.N.Y. June 19, 2008) (internal quotation marks omitted); *accord Adamowicz v. IRS*, 402 F. App'x 648, 650 (2d Cir. 2010) (summary order) ("Insofar as plaintiffs argue that [the agency's] declaration lacked sufficient detail, the law demands only a 'relatively detailed and nonconclusory' affidavit or declaration, a standard that [the agency's] declaration easily satisfies." (citation omitted)).

As noted by Ms. Feist, USTRANSCOM, after consulting with TCJA, determined that the offices likely to have documents, if any, responsive to the FOIA request included TCJA, TCIG, TCAQ, TCJ5/J4, TCJ3, and TCCS. Feist Decl. ¶¶ 7.a. through 7.e. After describing the functions of these offices, Ms. Feist explained that the tasking memorandums provided to these

14

offices included the exact language of the FOIA request. *Id*. ¶ 8. USTRANSCOM's FOIA office also held meetings with TCAQ and TCIG to assist in their searches. *Id*. ¶¶ 8.a, 8.b.

Ms. Feist also detailed the types of searches performed by TCJA, TCIG, TCAQ, TCJ5/J4, TCJ3, and TCCS, including the extent to which these offices were able to search paper and electronic sources for responsive records. Feist Decl. ¶¶ 9-16. After discussing the the volume and nature of responsive records found by these offices, Ms. Feist described USTRANSCOM's periodic release of responsive records *Id*. ¶ 17.

USTRANSCOM has also submitted the Declaration of Christopher T. Frost, the Contracting Officer on the DFTS contract, including during the period that Crowley notified USTRANSCOM of the *Treminio* litigation. Frost Decl. ¶ 3. As explained by Mr. Frost, USTRANSCOM determined that the *Treminio* allegations did not meet the definitions of trafficking in persons as defined in the FAR, and USTRANSCOM otherwise did not refer the matter for further investigation. Frost Decl. ¶ 9. This explains "why only limited documents exist at USTRANSCOM concerning *Treminio* that are responsive to the FOIA request." *Id*. Plaintiff's skepticism concerning the adequacy of USTRANSCOM's search based solely on the volume of responsive records identified by USTRANSCOM is insufficient to raise a material question about whether USTRANSCOM's search was reasonable and adequate. "Only where a review of the record raises substantial doubt, particularly in view of 'well defined requests and positive indications of overlooked materials,' is summary judgment inappropriate." *Agility Pub. Warehousing Co. v. NSA*, 113 F. Supp. 3d 313, 338 (D.D.C. 2015) (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003)). Because Plaintiff has not raised any such doubt here, and because USTRANSCOM's searches for responsive documents were reasonable and adequate, the Court should grant summary judgment to USTRANSCOM.

### C. Plaintiff's Challenge Concerning FOIA Exemption 5 Is Moot

Plaintiff's remaining challenge—to USTRANSCOM's initial withholding of portions of document No. 26 under Exemption 5 of the FOIA—is now moot. As described above, USTRANSCOM determined that it could release the information that it had previously withheld from document No. 26 via redactions pursuant to Exemption 5. *See* Buckels Decl. ¶¶ 5-6. Accordingly, USTRANSCOM re-released the five-page email exchange in question to Plaintiff on November 6, 2024, subject only to the pre-existing privacy redactions pursuant to FOIA Exemption 6, which Plaintiff has not challenged. *Id.* ¶¶ 5-6; *see also* Feist Decl. ¶ 17.

### CONCLUSION

For the foregoing reasons, defendant USTRANSCOM respectfully requests that the Court grant summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, and deny Plaintiff's motion.

Dated: November 8, 2024
New York, New York

> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
> *Attorney for Defendant*
>
> By:   */s/ Joseph A. Pantoja*
> JOSEPH A. PANTOJA
> Assistant United States Attorney
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Tel.:   (212) 637-2785
> Email: joseph.pantoja@usdoj.gov

16