IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITIME LEGAL SOLUTIONS, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. TRANSPORTATION COMMAND,<br><br>Defendant. | No. 23 Civ. 7045 (KPF) |

### **DECLARATION OF JAMES C. BUCKELS**

In accordance with the provisions of 28 U.S.C. § 1746, I, James C. Buckels, do hereby make the following declaration under penalty of perjury regarding the above-captioned action:

1.      I am a Staff Attorney in the Office of Staff Judge Advocate ("TCJA"), United States Transportation Command ("USTRANSCOM"). In this capacity I also serve as the Information Law Attorney responsible for, among other things, reviewing records and coordinating the handling of Freedom of Information Act ("FOIA") requests processed by the USTRANSCOM FOIA office. I review denial requests for legal sufficiency to ensure adequacy of search, proper use of FOIA exemptions, segregability, and application of FOIA's "foreseeable harm" standard prior to any FOIA package going to the Staff Judge Advocate.

2.      I make the statements herein on the basis of personal knowledge, including my review of the records discussed herein, as well as on information provided to me by others within USTRANSCOM with subject matter expertise and/or knowledge of the records at issue in this case, and on information acquired by me in the course of performing my official duties.

**Plaintiff's FOIA Request**

3.      On June 20, 2023, USTRANSCOM received a FOIA request from J. Ryan Melogy, plaintiff's attorney.  Under the FOIA, Mr. Melogy requested:

1. The complete DFTS contract between Crowley Maritime Corporation and USTRANSCOM.

2. All electronic or other communications, including emails, between USTRANSCOM and Crowley Maritime Corporation, regarding allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within the implementation of the DFTS contract. Date Range:  November 1, 2016 through the date this FOIA Request is fully processed.

3. All records or internal electronic communications, including emails, between employees or agents off USTRANSCOM and other employees and agents of USTRANSCOM (including civilian employees as well as active duty members of the military affiliated with USTRANSCOM), that reference allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within Crowley Maritime Corporation's implementation of the DFTS contract. Date Range:  November 1, 2016 through the date this FOIA Request is fully processed.

4. All records or electronic communications, including emails, sent or received by USTRANSCOM Contracting Officer Mr. Christopher Frost, that reference allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within Crowley Maritime Corporation's implementation of the DFTS contract. Date Range:  November 1, 2016 through the date this FOIA Request is fully processed.

5. All records of any kind held by USTRANSCOM that reference allegations of human trafficking, sexual trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within Crowley Maritime Corporation's implementation of the DFTS contract. Date Range:  November 1, 2016 through the date this FOIA Request is fully processed.

6. All complaints, notices, or reports of any kind, including whistleblower complaints, received by USTRANSCOM (or in the possession of USTRANSCOM) regarding Crowley Maritime Corporation's implementation of the DFTS contract. Date Range:  November 1, 2016 through the date this FOIA Request is fully processed.

7. All records, complaints, notices, or reports of any kind, including whistleblower complaints or reports, received by USTRANSCOM (or in the possession of USTRANSCOM) regarding any allegations of human trafficking, sexual

   trafficking, sex trafficking, forced labor, sexual abuse, rape, or sexual assault occurring within the implementation of any USTRANSCOM-administered contract. Date Range: January 1, 2000 through the date this FOIA Request is fully processed.

8. All records related to any investigations of any allegations of human trafficking, sexual trafficking, sex trafficking, or forced labor occurring within the implementation of any USTRANSCOM-administered contract. Date Range: January 1, 2000 through the date this FOIA Request is fully processed.

### **Overview of Exemption 5 Material Withheld on Behalf of USTRANSCOM**

4. In response to the FOIA request, USTRANSCOM fully released certain documents but also fully or partially withheld other documents pursuant to FOIA exemptions 4, 5, and/or 6. *See* 5 U.S.C. § 552 (b)(4)-(6). USTRANSCOM provided Plaintiff with a Vaughn index identifying these withholdings.

5. I understand that Plaintiff challenges these withholdings only with respect to two documents (identified as document Nos. 26 and 35 on the Vaughn index) and only insofar as USTRANSCOM withheld those two documents relying on the deliberative process privilege under Exemption 5 of the FOIA. As described below, I have reviewed the records responsive to the FOIA request and set forth my determination that document No. 35 is protected by the deliberative process privilege pursuant to Exemption 5 of the FOIA, and that it was properly fully withheld because there were no non-exempt portions of that document that were reasonably segregable.

6. Document No. 26 is a four-page email exchange between contracting officials in the USTRANSCOM Acquisition Directorate ("TCAQ") concerning the January 19, 2023 notification by Crowley Maritime Corporation ("Crowley"), pending input from USTRANSCOM's legal office (TCJA) and USTRANSCOM's head acquisition attorney, Peter Ries. In the referenced notification, as required by Federal Acquisition Regulation ("FAR") 52.222-50(d), Crowley notified USTRANSCOM of a potential human trafficking violation for purposes of the FAR during

Crowley's performance of a Defense Freight Transportation Services ("DFTS") contract. USTRANSCOM had initially released this email exchange subject to redactions relying on Exemption 5. Upon further review, USTRANSCOM is no longer claiming Exemption 5 protection for document No. 26, and that document was recently re-released to Plaintiff subject to redaction of only names and email addresses and pursuant to only FOIA Exemption 6 for privacy-related reasons.

7. Document No. 35 is a two-page April 2021 draft of a memorandum from a TCAQ Contracting Officer to a USTRANSCOM contractor concerning potential violations of the FAR. This draft memorandum was sent to the USTRANSCOM legal office for review. This draft memorandum was withheld in full.

### Exemption 5: Threshold

8. Exemption 5 of the FOIA exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552 (b)(5).

9. The information withheld, consisting of a draft memorandum, is a communication generated by, exchanged within, and internal to the Department of Defense. As such, it is an "intra-agency" record and satisfies the threshold of Exemption 5 of the FOIA. Because this record is pre-decisional and deliberative, it falls squarely within the deliberative process privilege and accordingly is being withheld in full or in part as appropriate.

### Exemption 5: Deliberative Process Privilege

10. The deliberative process privilege is intended to protect the decision-making processes of the Department of Defense from public scrutiny in order to enhance the quality of Department of Defense decisions. To be protected by the deliberative process privilege, the information at issue must be both "pre-decisional" and "deliberative."

11. The draft April 2021 memorandum is properly protected by the deliberative process privilege encompassed by Exemption 5 of the FOIA. Draft documents, by their nature, are pre-decisional and preliminary versions of what may later become a final document in whole or in part. Oftentimes draft documents never evolve into a final form; material is withdrawn or discarded during the decision-making process. The memorandum in question is an internal USTRANSCOM communication that reflects the draft evaluation and recommendations of a USTRANSCOM Contracting Officer that was sent to the USTRANSCOM legal office for their opinion. The draft document was provided by the legal office to the USTRANSCOM FOIA Manager in response to the FOIA requests at issue here.

12. The draft memorandum was unsigned and was sent to the USTRANSCOM legal office for their review and is therefore "pre-decisional." Disclosure of this type of pre-decisional information would inhibit USTRANSCOM decision-making because it would chill frank discussion and collaboration among USTRANSCOM personnel, including between these employees and their attorneys.

13. The draft memorandum is "deliberative" because it contains the opinion and recommendations of a USTRANSCOM Contracting Officer regarding potential violations of the FAR for which the Contracting Officer was seeking the advice of their counsel for a proper course of action to the contractor. Accordingly, the draft letter reflects the internal deliberations of USTRANSCOM personnel.

**Segregation of Nonexempt Information**

14. I have carefully reviewed the record at issue and determined that the draft memorandum does not contain releasable information. The draft was created in order to determine a proper course of action to the contractor. The disclosure of draft would thus undermine the core legal advice and analysis that the deliberative process privilege is meant to protect.

I hereby certify that I have read the foregoing and declare that it is true and correct to the best of my knowledge and belief.

Executed by me on November 6, 2024.

*James C. Buckels*
James C. Buckels
Information Law Attorney
USTRANSCOM Office of Staff Judge Advocate